### In re KEY DEVELOPERS GROUP, LLC, Debtor.

Marika Tolz, as Successor Liquidating Trustee, Plaintiff,

v.

Fowler White Boggs, P.A. f/k/a Fowler White Boggs Banker, P.A., Defendant.

Bankruptcy No. 8:08–bk–02929–MGW.

Adversary No. 8:10–ap–0255–MGW.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 5, 2010.

Seth P. Traub, Steven M. Berman, Attorneys for Trustee, Shumaker Loop & Kendrick, LLP, Tampa, FL, for Plaintiff.

John J. Lamoureux, Robert M. Quinn, Carlton Fields, P.A., Tampa, FL, for Defendant.

## ORDER DENYING MOTIONS TO DISMISS AND MEMORANDUM OPINION ON LIQUIDATING TRUSTEE'S STANDING TO PROSECUTE POST–CONFIRMATION AVOIDANCE ACTIONS

MICHAEL G. WILLIAMSON,
Bankruptcy Judge.

This action is brought by Marika Tolz as liquidating trustee appointed pursuant to the terms of a confirmed plan of reorganization seeking to avoid certain pre– and post-petition payments for legal services made by the Debtor to the Defendant, Fowler White Boggs, P.A. The Defendant moved to dismiss the action arguing that only trustees pursuant to 11 U.S.C. §§ 547, 549, and 550 or debtors-in-possession pursuant to 11 U.S.C. § 1107(a) have standing to pursue avoidance actions. The Court rejects this argument and concludes that liquidating trustees appointed pursuant to the terms of a confirmed chapter 11 plan have standing to bring avoidance actions. Accordingly, the motion to dismiss the complaint will be denied.

*Procedural History of the Case*

On March 5, 2008, the Debtor, Key Developers Group, LLC, filed a voluntary petition for relief under chapter 11. In due course, a plan was proposed by the

Debtor's primary secured creditor, Key-Bank National Association.[1] On September 9, 2008, this Court entered an order confirming the Plan.[2] Under the terms of the Plan a "Liquidating Trust" is created.[3] The primary purpose of the Liquidating Trust is to hold any remaining assets of the Debtor, liquidate those assets, and distribute the proceeds in accordance with the Plan.

The Plan also appoints an individual to serve as a "Liquidating Trustee" to administer the Liquidating Trustee in accordance with the Plan.[4] Pertinent to this adversary proceeding, the Liquidating Trustee shall also "retain all rights on behalf of the Debtor and the Liquidating Trust, to commence and pursue any and all causes of action ... [including] any and all actual or potential avoidance claims pursuant to any applicable section of the Bankruptcy Code...."[5] Further, the Plan explicitly provides that the "Liquidating Trustee, on behalf of the Liquidating Trust, is intended to, and is hereby deemed to be a 'representative of the estate' with respect to the Estate for all purposes under the Plan...."[6] As such, the Liquidating Trustee is "authorized to commence, pursue, continue, prosecute, and settle any and all claims of the Estate, in accordance with the Plan, including but not limited to avoidance actions."[7]

As a scheduled creditor in the bankruptcy case, the Defendant received notice of the confirmation process and, in fact, participated in the confirmation process. No creditor objected to the provisions of the Plan granting the Liquidating Trustee the authority to prosecute avoidance actions such as the claims asserted by the Trustee in this adversary proceeding.

On March 4, 2010, the Liquidating Trustee filed her complaint to avoid and recover preferential transfers by the Debtor to the Defendant within 90 days of the Petition Date.[8] It was only after being served with the Complaint that the Defendant has objected in its motion to dismiss[9] to the Liquidating Trustee's right to bring avoidance actions arguing that only trustees pursuant to 11 U.S.C. §§ 547, 549, and 550 or debtors-in-possession pursuant to 11 U.S.C. § 1107(a) have standing to pursue avoidance actions. Since the Liquidating Trustee is neither, the Defendant argues she lacks standing to pursue the claims in this adversary proceeding.

On April 28, 2010, the Defendant filed a supplemental motion to dismiss,[10] arguing the Complaint should be dismissed as a result of the Liquidating Trustee's failure to timely file the Complaint within 30 days of entry of the Confirmation Order, as required by Local Bankruptcy Rule 3020–1.

### Conclusions of Law

I. The Liquidating Trustee Has Standing.

■ In *Nordberg v. Sanchez (In re*

---

1. Main Case Docket No. 227 ("Plan").

2. Order Confirming KeyBank National Association's Creditor Plan of Reorganization for the Estate of Key Developers Group, LLC and Approving as Final the Disclosure Statement for the KeyBank Plan ("Confirmation Order") (Main Case Doc. 328).

3. Plan, ¶ 9.

4. Id.

5. Id.

6. Plan, ¶ 10.

7. Id.

8. Adversary Proceeding Docket No. 1 ("Complaint").

9. Adversary Proceeding Docket No. 8 ("Motion").

10. Adversary Proceeding Docket No. 9 ("Supplemental Motion").

*Chase & Sanborn Corp.*),[11] the Eleventh Circuit Court of Appeals addressed nearly identical arguments concerning whether a "creditor trustee" in a debtor's chapter 11 case had standing to assert a claim against the debtor under section 548. The Bankruptcy Court for the Southern District of Florida had concluded that, pursuant to section 1123(b)(3)(B), the creditor trustee could bring the lawsuit because no trustee had been appointed under the plan and the debtor in possession had interests in common with the defendants. *Id.* Like the Defendant in this case, the defendant in *Nordberg* argued that because the plaintiff was neither the trustee nor the debtor in possession, the plaintiff did not have standing to assert a fraudulent transfer claim.

In rejecting the defendant's arguments, the Eleventh Circuit concluded:

> Although the [bankruptcy] court did not formally and specifically appoint the creditor trustee to enforce the claims, the reorganization plan approved by the court recognized that the creditor trustee would have the responsibility of pursuing claims of the debtor. The court's approval of a plan granting this authority to the creditor trustee was sufficient, under the Bankruptcy Code, to confer on the creditor trustee standing to assert this claim.[12]

Thus, the Eleventh Circuit found the creditor trustee had derivative standing to bring fraudulent transfer causes of action pursuant to sections 548 and 1123(b)(3)(B).

While the Eleventh Circuit's decision relating to approval of the creditor trustee was arguably dicta in its *Nordberg* decision, the Middle District of Florida and

majority of jurisdictions routinely grant creditor trustees standing to pursue fraudulent transfer actions pursuant to confirmed Chapter 11 plans. For example, in *Moecker v. Johnson (In re Transit Group, Inc.)*,[13] in the context of claims brought pursuant to section 544, Judge Jennemann squarely addressed the issue and found that sections 1107 and 1123(b)(3)(B) specifically allowed creditors' committees or other similarly situated entities to pursue avoidance actions such as those asserted here where they are appointed and approved under a confirmed plan or by court order.[14] Judge Jennemann determined that in order to assert avoidance claims against a defendant, the plaintiff need only establish that (i) she was appointed, and (ii) she is a representative of the estate.[15]

A similar conclusion was reached by Judge Paskay in *Syndicate Exch. Corp. v. Duffy (In re Pro Greens, Inc.)*.[16] In denying standing of a plaintiff who had purportedly purchased fraudulent transfer claims from the chapter 11 trustee, Judge Paskay stated:

> A reorganization trustee, post-confirmation, may pursue claims, including avoidance actions against third parties, on behalf of the estate if the confirmed plan and order of confirmation so provides. It is a common provision in an order of confirmation to specifically retain jurisdiction by the court over the enforcement of choses of actions. This is true even prior to confirmation of a plan where a debtor-in-possession unreasonably refuses to pursue an avoidance claim

---

11. 813 F.2d 1177, 1180, n. 1 (11th Cir.1987).

12. Id.

13. 332 B.R. 45, 52–54 (Bankr.M.D.Fla.2005)

14. *Id.* at 54.

15. *Id.* at 53.

16. 297 B.R. 850, 855–56 (Bankr.M.D.Fla. 2003).

The facts in this case are similar to those in *Moecker,* albeit in the context of section 547 and 549, rather than section 544. The Liquidating Trustee was duly appointed pursuant section 1123(b)(3)(B). The Plan was confirmed by this Court. Any concerns regarding the Liquidating Trustee's standing to bring avoidance actions should have been raised at or prior to confirmation. The issue is now *res judicata.*[17] There is no dispute that the Liquidating Trustee has been appointed by this Court pursuant to the terms of the confirmed Plan and that the Liquidating Trustee is a representative the estate. Accordingly, this Court holds that the Liquidating Trustee has derivative standing to pursue the claims against the Defendant in this adversary proceeding.

II. Local Rule 3020–1 Is Not A Jurisdictional Deadline.

■ Local Rule 3020–1(c) provides:

Unless otherwise ordered by the Court, the debtor shall file an adversary proceeding or contested matters contemplated by the chapter 11 plan of reorganization and file any objections to claims no later than thirty (30) days after entry of an order of confirmation.

In accordance with Local Rule 1001–1, Local Rule 3020–1 is intended to supplement and complement the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, to be applied, construed and enforced to avoid technical delays. Moreover, pursuant to 28 U.S.C. § 2075 and Rule 9029(a) of the Federal Rules of Bankruptcy Procedure, Local Rule 3020–1 cannot be designed or interpreted to abridge, enlarge, or modify any substantive right.

Accordingly, the Court finds that Local Rule 3020–1 is not a jurisdictional deadline altering or affecting the limitations period provided by 11 U.S.C. § 546. It is merely designed to encourage the expeditious consideration and determination of pending matters. Local Rule 3020–1 cannot be used as a defense to an action timely filed under section 546.

Accordingly, for the reasons set forth above, it is

**ORDERED:**

1. The Motion to Dismiss (Doc. 8) is denied.

2. The Supplemental Motion to Dismiss Complaint for Violation of Local Bankruptcy Rule 3020–1 (Doc. 9) is denied.

3. The Defendant shall have twenty (20) days from the date of this Order within which to file an Answer to the Trustee's Complaint.

17. *See, e.g., In re Optical Technologies, Inc.,* 425 F.3d 1294 (11th Cir.2005).